CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
AUG 12 2008
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| United States of America,<br><br>                      *Plaintiff,*<br><br>v.<br><br>James Henry Moore,<br>                      *Defendant.* | CRIMINAL ACTION NO. 4:03cr70123-2<br><br><br>ORDER<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706,[1] as amended by Amendment 711 and Amendment 715, to the United States Sentencing Guidelines [Docket #198]. For the following reasons, Defendant's motion is denied.

On June 23, 2005, a federal grand jury returned a four-count superceding indictment charging Defendant with two counts of violating federal drug and gun laws. Specifically, Count Three charged Defendant with possession of five grams or more of cocaine base with the intent to distribute, and Count Four charged Defendant with possession of a firearm in furtherance of a drug trafficking offense. Defendant pled guilty to Counts Three and Four of the indictment on August 4, 2005, pursuant to a written plea agreement. The parties stipulated in the plea agreement that Defendant would be held responsible for 19.34 grams of cocaine base in relevant conduct.

The United States filed a motion for substantial assistance pursuant to U.S.S.G. § 5K1.1 and

---

[1] The United States Sentencing Commission has amended the federal sentencing guidelines applicable to crack cocaine offenses. The Sentencing Commission has also decided, pursuant to its authority under 28 U.S.C. § 994(u), that effective March 3, 2008, the amendment will apply retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are still incarcerated.

18 U.S.C. § 3553(e) that same day and asked that the Court to depart from the sentencing guidelines when determining Defendant's sentence. The Court subsequently held a sentencing hearing on November 2, 2005, and found Defendant's base offense level to be 26 under U.S.S.G. § 2D1.1(c)(7) because he was responsible for 19.34 grams of cocaine base.[2] The Court then reduced Defendant's offense level by three levels pursuant to U.S.S.G. §§ 3E1.1(a) and (b) because he fully accepted responsibility, which resulted in a Total Offense Level of 23. The Court found that Defendant had 3 criminal history points, which resulted in a Criminal History Category of II.

Based on a Total Offense Level of 23 and a Criminal History Category of II, the applicable guideline range called for a term of imprisonment of 51 to 63 months as to Count Three, the charge for possession of cocaine base with the intent to distribute. The Sentencing Guidelines also called, pursuant to U.S.S.G. § 2K2.4(b), for a 60 month term of imprisonment on Count Four, with this sentence to be run consecutively to any time imposed for the drug charge. Thus, the Sentence Guidelines advised the Court to impose a total term of imprisonment of 111 to 123 months. The Court departed from the applicable guideline range, however, because of the United States' motion for substantial assistance. Accordingly, the Court sentenced Defendant to a 12 month term of imprisonment on Count Three and a 55 month term of imprisonment on Count Four, with each term to run concurrently.

In his motion, Defendant asks the Court to reduce his term of imprisonment because of Amendment 706, as amended by Amendment 711 and Amendment 715, to the United States Sentencing Guidelines. The Court is authorized to reduce a term of imprisonment once it has been imposed in only limited circumstances, such as (1) when the Bureau of Prisons makes a motion for

---

[2]The 2004 Sentence Guidelines provided that a defendant responsible for at least 5 grams, but less than 20 grams of cocaine base would receive a base offense level of 26 under U.S.S.G. § 2D1.1(c)(7).

2

a reduction because of extraordinary reasons or because of advanced age; (2) the United States asks for a reduction because of substantial assistance; and (3) the term of imprisonment imposed was based on a guidelines range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). The Court may only reduce a sentence because of an amended guideline range if the reduction is consistent with the applicable policy statement issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The applicable policy statement, U.S.S.G. § 1B1.10, provides that a term of imprisonment is eligible for a reduction only if the amendment to the Guidelines Manual has been made retroactive and if the retroactive amendment lowers the defendant's applicable guideline range. U.S.S.G. §§ 1B1.10(a)(1)–(2).

Amendment 706, as modified by Amendment 711, and Amendment 715 lowered the base offense levels applicable to crack cocaine offenses under U.S.S.G. § 2D1.1. In applying the amendment, the Court is directed to determine the amended guideline range that would have been applicable if the amendment had been in effect at the time the defendant was sentenced. U.S.S.G. § 1B1.10(b)(1). The Court is not permitted, however, to reconsider other guideline application decisions. Id.

In this case, the Court found Defendant's base offense level to be 26 under U.S.S.G. § 2D1.1(c)(7) because he was responsible for 19.34 grams of cocaine base. Amendment 706 lowers the applicable base offense level to 24 because the drug quantity is more than 5 grams, but less than 20 grams of cocaine base. See U.S.S.G. § 2D1.1(c)(8). As a result, Defendant's applicable guideline range on Count Three is reduced to 41 to 51 months of imprisonment. The Court is not permitted to reduce his term of imprisonment on this count, however, because Defendant has already completed the 12 month term imposed on Count Three and the Court cannot retroactively reduce a term of imprisonment. See U.S.S.G. § 1B1.10(b)(2)(C) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.").

3

Case 4:03-cr-70123-NKM   Document 207   Filed 08/12/08   Page 3 of 4   Pageid#: 478

The Court also is not permitted to modify Defendant's term of imprisonment on Count Four because the applicable guideline range for this count has not changed. See U.S.S.G. § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."). Amendment 706 had no effect on firearm offenses, only drug offenses involving cocaine base. For that reason, the Court is unable to reduce Defendant's sentence.

Accordingly, it is hereby

ORDERED and ADJUDGED

that Defendant's motion for a reduction in sentence [Docket #198] pursuant to 18 U.S.C.§ 3582(c)(2) and Amendment 706, as amended by Amendment 711 and Amendment 715, shall be and hereby is DENIED.

The Clerk of the Court is hereby directed to send a copy of this Order to Defendant and counsel of record for the United States.

It is so ORDERED.

Entered this 12th day of August, 2008

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE